IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| LATASHA M. PARHAM, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
| v. | ) |  |
|  | ) |  |
| ARBY'S RESTAURANT GROUP, INC., ET AL., | ) | 1:16CV308 |
|  | ) |  |
| Defendants. | ) |  |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on a Motion to Dismiss [Doc. #20] pursuant to Federal Rule of Civil Procedure 4(m), 12(b)(5), and 12(b)(6) filed by Defendants Arby's Restaurant Group, Inc.[1] ("Arby's"), Andrew Dobbins, Soraya Gomez, Tyika Johnson, Ronald Riemesch, and Kevin Williams.[2] For the reasons explained below, the Motion will be granted.

Plaintiff Latasha M. Parham, proceeding pro se, is a former employee of the Arby's restaurant located at 5503 South Miami Boulevard in Durham, North Carolina. (Compl. [Doc. #2] at 1-2.) According to the Complaint, Ms. Parham was sexually harassed by Dwayne Thomas, a manager there, in front of other Arby's managers. (Id. at 2.) Ms. Parham alleges that Thomas "groped his genitalia on

---

[1] On January 30, 2017, Plaintiff filed a Motion to Modify Defendant's name to Arby's Restaurant Group, Inc. [Doc. #31.] Arby's does not object to this proposed amendment. (Resp. [Doc. #32] at 3.) As it is uncontested and it is the correct name of the corporate defendant, the Motion [Doc. #31] will be granted.

[2] The remaining defendant, Dwayne Thomas, has not filed a Motion to Dismiss in the present action.

[her] and grab[bed] her breast" and "made sexual comments" to her. (Id.)  She also alleges that Thomas "violated other woman [sic] in front of [General Manager] Kevin Williams." (Id.)  Ms. Parham asserts that the other individual defendants, General Managers Kevin Williams and Andrew Dobbins, Manager Ronald Riemesch, and Area Supervisors Soraya Gomez and Tyika Johnson, all of whom are employees of Arby's, did not take her allegations seriously. (Id.)

Ms. Parham further alleges that, after she made a complaint,[3] "she was treated differently from other employees." (Id.)  Specifically, she asserts that: (1) Williams did not return her calls about the harassment and eventually cut her work hours; (2) Dobbins harassed her by using profanity, "jumped in [her] face with hand contact," and "tormented" her; (3) Riemesch harassed and "tormented" her; (4) Gomez ignored her complaint and "stood me up about taking down my complaint"; and (5) Johnson, a friend of Dobbins, also harassed her. (Id.)  In conclusion, Ms. Parham alleges that Arby's management made her work in a hostile environment, violated her rights, and "made [her] feel less of a human being." (Id.)

Ms. Parham filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") based on sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964. (Ex. A, Letter [Doc. #2-1] at 1.)  After finding "reasonable cause to believe that violations of the statute had

---

[3] It is unclear from the Complaint what Ms. Parham means by "after putting my complaint in." (Compl. at 2.)  Ms. Parham's reference to her "complaint" could mean her EEOC charge, an internal grievance, or both.  The exact meaning, however, does not, at this time, affect the outcome of Defendants' motion.

occurred," the EEOC issued a Notice of Right to Sue on February 26, 2016. (Ex. A, Notice of Right to Sue [Doc. #2-1] at 4-5.) On April 11, 2016, Ms. Parham filed the present action alleging sexual harassment, retaliation, and hostile work environment. (See Compl.)

On April 14, 2016, the Magistrate Judge issued an Order Granting Leave to Proceed In Forma Pauperis, which also directed that

> Plaintiff is responsible for preparing and delivering to the Clerk, the correct summons for service on each defendant, including the correct address and the name and title of the individual to be served on behalf of a corporation, association, infant, incompetent or government agency. Failure to prepare and deliver said summons within 15 days from the filing of this order shall result in this case being dismissed without further notice. The U.S. Marshal shall serve the summons and complaint upon defendants.

[Doc. #4.] Almost four months later, on August 4, 2016, the Magistrate Judge sua sponte issued an Order recommending that the present action be dismissed without prejudice for Ms. Parham's failure to comply with the April 14, 2016 Order. [Doc. #5.] Ms. Parham timely filed an Objection requesting that her action not be dismissed. [Doc. #7.] On September 12, 2016, because Ms. Parham "submitted to the Court summonses for service upon each Defendant," the Magistrate Judge withdrew the prior Recommendation and ordered the U.S. Marshal to "serve the original complaint and summonses upon defendants." (Order [Doc. # 10].) To date, only the summonses to Arby's, Dobbins, and Williams have been returned executed. (Compare [Docs. #12, 24] with [Doc. #13].) On November 10, 2016, Defendants filed a Motion to Dismiss for Insufficient Process

-3-

and for Failure to State a Claim pursuant to Federal Rule of Civil Procedure 4(m), 12(b)(5), and 12(b)(6).

First, pursuant to Rules 4(m) and 12(b)(5) of the Federal Rules of Civil Procedure, Arby's, Gomez, Johnson, and Riemesch argue that dismissal is appropriate because they were not properly served. (Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") [Doc. #21] at 2-7.) Gomez, Johnson, and Riemesch contend that they were not served at all as evidenced by the unexecuted summons docketed by the Clerk's office. (Id. at 4; Process Receipt and Return [Doc. #13].) Arby's argues that, although its summons was returned as executed, service of that summons did not comply with Federal Rule of Civil Procedure 4(h). (Defs.' Mem at 6; Process Receipt and Return [Doc. #12].) When a defendant argues that service was improper, the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rules of Civil Procedure Rule 4. Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

Federal Rule of Civil Procedure 4(e), which governs service of process upon individuals located in the United States, provides that service may be accomplished by either (1) delivering a copy of the summons and complaint to the defendant personally or to a person of suitable age and discretion then residing at the defendant's home or usual place of abode or (2) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)-(C). Rule 4(h), which governs service of

process upon a corporation, provides that service may be accomplished by delivering a copy of the summons and complaint to an officer or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). Service on a corporation may also be accomplished "in the manner prescribed by Rule 4(e)(1)." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that service of process may be accomplished pursuant to the law of the state in which the district court sits. North Carolina's requirements for service of process are virtually identical for all practical purposes with the requirements of the Federal Rules of Civil Procedure. See N.C. R. Civ. P. 4(j)(1) & 4(j)(6). Accordingly, Ms. Parham could have effectuated service pursuant to Rule 4 of the Federal Rules of Civil Procedure or North Carolina's laws for service of process. However, she did not follow either.

Both Federal and North Carolina courts require that service of process statutes be strictly construed and followed. Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) ("[T]he rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored."); see also, Greenup v. Register, 410 S.E.2d 398, 400 (N.C. Ct. App. 1991); Broughton v. Dumont, 259 S.E.2d 361, 363 (N.C. Ct. App. 1979). This is true even where defendants have actual notice of the action. Hoyle v. United Auto Workers Local Union 5285, 444 F. Supp. 2d 467, 474 (W.D.N.C. 2006); Stack v. Union Reg'l Mem'l Med. Ctr., Inc ., 614 S.E.2d 378, 382 (N.C. Ct. App. 2005). When a statute provides for designated methods of service and a

plaintiff has failed to comply with those methods, there is no valid service. Broughton, 259 S.E.2d at 363.

On September 6, 2016, the Clerk issued summonses for Arby's, Riemesch, Gomez, Dobbins, Williams, and Johnson. [Doc. #9.] To date, only the summonses for Arby's, Dobbins, and Williams have been returned executed. [Docs. #12, 13, 24.] Therefore, as to the individual Defendants, only Dobbins and Williams have been served. Riemesch, Gomez, and Johnson have not been served, and, as a result, the Court has not acquired jurisdiction over them.

The summons issued for Arby's, the corporate defendant, provided the name "Arby's Incorporation, Registered Agent" and the 5503 South Miami Boulevard, Durham, North Carolina 27703 address of the Arby's restaurant where Ms. Parham worked. (Process Receipt and Return [Doc. #24].) The Marshal recorded Arby's summons as having been served when the summons was signed for by an assistant manager of that Arby's restaurant. ([Doc. #12] at 4.) However, the assistant manager of an individual Arby's location is neither an officer nor an authorized agent for the purposes of service. See, e.g., Wilson v. WalMart Store, Inc., No. CV15-4283, 2016 U.S. Dist. LEXIS 112618, at *5-9 (S.D.N.Y. Aug. 22, 2016) (finding that service on assistant store manager of a local branch of a national chain was not sufficient service on corporate defendant). Here, despite explicit instruction from the Magistrate Judge, the summons and complaint were not directed or addressed to any officer or agent of Arby's as required by both the Federal and North Carolina Rules of Civil Procedure. See, e.g., Lane v. Winn–Dixie

Charlotte, Inc., 609 S.E.2d 456, 460 (N.C. Ct. App. 2005) (finding summons defective on its face for failure to designate any person authorized by North Carolina Rule of Civil Procedure 4(j)(6)). Therefore, Ms. Parham's attempted service on Arby's was defective, and, as a result, the Court has not acquired jurisdiction over it.

Ms. Parham's Complaint, read in the light most favorable to her, seems to assert causes of action for sexual harassment against Dobbins and hostile work environment and retaliation against both Dobbins and Williams. (Compl. at 2.) Title VII of the Civil Rights Act of 1964 ("Title VII") states that "[i]t shall be an unlawful employment practice for any employer . . . to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . ." 42 U.S.C. § 2000e–2(a)(1). Sexual harassment, hostile work environment, and retaliation are all claims that may be brought under Title VII. See, e.g., Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401 (4th Cir. 2013). However, Title VII "do[es] not provide for causes of action against defendants in their individual capacities." Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999)).[4] Therefore, Ms. Parham has

---

[4] Employers like Arby's may be vicariously liable for an actionable hostile work environment created by a supervisor. See Vance v. Ball St. U., ___ U.S. ___, 133 S.Ct. 2434, 2439 (2013); Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 764–65 (1998); Faragher v. Boca Raton, 524 U.S. 775, 807–08, (1998). However, because the employer, Arby's, is no longer a party to this lawsuit, this issue is not addressed.

failed to state a claim upon which relief can be granted against either Dobbins or Williams.

For the reasons stated herein, **IT IS HEREBY ORDERED** that Plaintiff Latasha M. Parham's Motion to Modify Defendant's Name to Arby's Restaurant Group, Inc. [Doc. #31] is **GRANTED**. **IT IS FURTHER ORDERED** that Defendants Arby's Restaurant Group, Inc.'s, Kevin Williams', Andrew Dobbins', Ronald Riemesch's, Soraya Gomez's, and Tyika Johnson's Motion to Dismiss [Doc. #20] is **GRANTED** and the claims against these Defendants are **DISMISSED** without prejudice.

This the 28th day of September, 2017.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge
